

**FILED**
**Sep 30, 2021**
**02:08 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Salvador Enriquez | ) Docket No. 2020-02-0318 |
| | ) |
| v. | ) State File No. 101315-2019 |
| | ) |
| Defender Services, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Brian K. Addington, Judge | ) |

---

### Affirmed and Remanded

---

The employee requested the trial court to order the employer to authorize knee surgery recommended by the authorized physician. The employer declined to provide the treatment, relying on its medical expert's causation opinion. Following an expedited hearing, the trial court concluded that the authorized physician's causation opinion was not entitled to a statutory presumption of correctness because the physician was not selected from a panel. Further, the trial court determined the employer's physician's causation opinion was entitled to greater weight than the opinion of the treating physician because his explanation was more thorough and detailed. The trial court denied the employee's request for relief, concluding the employee did not present sufficient medical proof from which the court could determine that the employee would likely prevail at trial in proving the requested surgery was causally related to the employee's work injury. The employee has appealed, asserting the trial court erred in concluding the authorized physician's causation opinion was not entitled to a statutory presumption of correctness. The employer asserts that the employee's filing of the transcript of the proceedings of the expedited hearing and the employee's brief were untimely and, therefore, should not be considered. Additionally, the employer asserts the trial court did not err in concluding the preponderance of the medical proof supported its expert's causation opinion. We conclude the employee's filing of both the transcript of the proceedings and his brief were untimely and should not be considered. We affirm the trial court's decision denying medical benefits based on the opinion of the employer's physician, and we remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Dan Bieger, Bristol, Tennessee, for the employee-appellant, Salvador Enriquez

J. Brent Moore, Nashville, Tennessee, for the employer-appellee, Defender Services, Inc.

**Factual and Procedural Background**

The facts in this case are largely undisputed. Salvador Enriquez ("Employee") worked for Defender Services, Inc. ("Employer"), as a machine operator at a factory that fabricated thread. On September 19, 2019, while climbing the steps on a machine he slipped and fell, suffering injuries to both knees. He attempted to continue working for a brief time, but, due to increasing pain, his supervisor ultimately transported him to the emergency department at a local hospital. The medical providers performed x-rays and determined there were no broken bones and referred Employee for orthopedic consultation. Employer provided Employee with two options for medical care, one at a facility in North Carolina and one in Tennessee. Employee chose the Tennessee facility, Appalachian Orthopedics, where he came under the care of Dr. Larry Waldrop. It is undisputed that Employer did not provide Employee with a panel of physicians as required by Tennessee Code Annotated section 50-6-204(a)(3)(A)(i).

Dr. Waldrop provided medical care for Employee's knees, performing surgery to reconstruct Employee's left patellofemoral ligament. Employee continued to treat with Dr. Waldrop, who placed Employee at maximum medical improvement several months later, noting that Employee may need knee replacements in the future. In October 2020, Dr. Waldrop noted that Employee was "on an arthritic pathway" and administered a left knee injection "for both diagnostic and therapeutic purposes," noting in his report that Employee "had significant relief of symptoms from his injection." He indicated Employee's "patellofemoral osteoarthritic component is a chronic issue," adding that Employee "denies any pain prior and is now having increased pain there since the injury." He further noted:

> [Employee] could have developed a meniscal tear in the meantime so I think
> an MRI would be helpful in determining how his joint status is now. If the
> arthritis is minimal or he has a meniscal pathology anterolaterally perhaps an
> arthroscopy would be a little less aggressive than a total knee, but would help
> in determining that process. . . . He is about as good as I think he is going to
> get at this point for his left knee outside any other indications and operations.

When Employee saw Dr. Waldrop to discuss the MRI and available treatment options, Dr. Waldrop noted that Employee had left-knee osteoarthritis "post patella dislocation with exacerbation of his arthritic symptoms as far as the left knee was concerned." He indicated "the plan would be for pain purposes only, a left total knee arthroplasty, which is about the only thing I can offer him at this point," and stated he would "see [Employee] on an as needed basis at this point."

Employee returned to Dr. Waldrop in January 2021, continuing to complain of left knee pain. Dr. Waldrop noted that prior X-rays "show osteoarthritic changes throughout

2

the medial, lateral, patellofemoral compartment," adding that the images taken during the arthroscopy "show patellofemoral disease and pathology present from the time of surgery from the injury." He ordered a knee replacement, noting that all other treatments only provided temporary relief. Addressing causation, he indicated "[i]t is work related especially the retropatellar space and the treatment would be the same even despite having some degenerative knee issues prior to the injury even if that were the case."

Employer sent Dr. Waldrop's recommendation for a total knee replacement to its utilization review provider. On January 29, 2021, the provider recommended certification of the procedure as medically necessary. Employer sought an examination with a physician of its choosing to further address the need for the knee replacement and its causal relation to the work injury.

In March 2021, Employee was examined by Dr. William Hovis, a physician selected by Employer. Dr. Hovis observed severe lateral tracking of the patella in both knees, noting that the condition was associated with advanced severe patella femoral arthritis. Dr. Hovis stated the following in a March 10, 2021 letter to Employer's counsel:

> Given the fact that neither the severe lateral tracking of his patellas is a result of his described work[-]related injury and given the fact that he has secondary severe arthritic changes in the patella femoral portion of his knee joints, it is felt by me that greater than 51% of this gentleman's previous and current knee problems are a result of a congenital developmental condition in his knee and not the result of one acute knee injury. The severity of the arthritic change in the patella femoral portion of his knee joints simply confirms the fact that he has had longstanding secondary changes in both knees which are the result of his congenital lateral tracking patella mal-alignment. These arthritic changes would not develop to this degree of severity in the period of time from his injury to the current examination. Thus, it is my opinion that his injury represents an aggravation or exacerbation of the pre-existing condition. His pre-existing condition in his knees is also aggravated by his quite significant obesity.

On March 15, 2021, Dr. Hovis sent a second letter to Employer's counsel, responding to specific questions that counsel had asked in the initial request for an examination. In the second correspondence, Dr. Hovis reiterated his opinion that Employee's knee complaints were related to a preexisting condition, stating "the underlying mal-alignment is a congenital developmental problem that pre-existed his described work injury." He went on to express his opinion that "greater than 51% of this gentleman's knee problems preceded his described work-related injury." Finally, Dr. Hovis stated that "the pre-existing conditions are the dominant reason for this gentleman's knee difficulties and the ultimate underlying dominant reason for him potentially requiring a total knee arthroplasty in one or both knees." In correspondence from Dr. Hovis to

3

Employer's counsel dated April 14, 2021, Dr. Hovis reiterated his opinion that Employee's "knee problems are far less than 50% related to his fall and far more than 50% related to his congenital developmental pre-existing comorbidities."[1]

In May 2021, Dr. Waldrop responded to a questionnaire from Employee's counsel, indicating that his ultimate diagnoses were right knee osteoarthritis, left knee patella dislocation, and left knee post traumatic osteoarthritis. He indicated "yes" in response to the question asking "[i]n your medical opinion, do the conditions for which you are treating [Employee] arise out of the September 19, 2019 accident?"

Following an expedited hearing in which Employee requested the court to order Employer to authorize the left total knee arthroplasty, the trial court concluded that, because Dr. Waldrop was not chosen from a panel of physicians pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(A)(i), his causation opinion was not entitled to the statutory presumption of correctness provided in section 50-6-102(14)(E). The court further concluded that Dr. Hovis's causation opinion was entitled to greater weight than Dr. Waldrop's opinion, stating that Dr. Hovis's deposition testimony "was clear, while the Court had to piece together Dr. Waldrop's opinion." The court determined Employee had not presented sufficient evidence to establish he is likely to prevail at a hearing on the merits in proving the need for the recommended knee replacement was primarily caused by the work injury. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

---

[1]Because Employer's inquiry to which Dr. Hovis was responding is not contained in the record, it is unclear what specific question Dr. Hovis was answering.

**Analysis**

In his notice of appeal, Employee asserts the trial court erred in concluding that Dr. Waldrop was not a valid panel doctor whose opinion on medical causation is entitled to the statutory presumption of correctness. Employee filed a transcript of the expedited hearing proceedings and a brief on appeal, and Employer objected to both, asserting the transcript and the brief were not timely filed.

As an initial matter, we note that Employer cites Tennessee Code Annotated section 50-6-217(a)(3) (2016) (repealed 2017) in its brief, which authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial judge were "not supported by evidence that is both substantial and material in light of the entire record." However, as we have observed on numerous occasions, this code section was repealed effective May 9, 2017.[2] Consequently, the standard we apply in reviewing the trial court's decision presumes that the trial judge's factual findings are correct unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7).

*Timeliness of Employee's Filings*

Employer asserts that neither the transcript filed by Employee nor Employee's brief should be considered on appeal because they were not timely filed. After careful consideration of the issue, we agree.

---

[2] *See Hudgins v. Global Personnel Solutions, Inc.*, No. 92112-2016, 2020 TN Wrk. Comp. App. Bd. LEXIS 19, at *3-4, (Tenn. Workers' Comp. App. Bd. Apr. 17, 2020); *Hopkins v. EmployBridge Holding Co.*, No. 2019-05-0198, 2020 TN Wrk. Comp. App. Bd. LEXIS 11, at *4-5 (Tenn. Workers' Comp. App. Bd. Mar. 10, 2020); *Andrews v. Custom Foods of America, Inc.*, No. 2018-03-0413, 2020 TN Wrk. Comp. App. Bd. LEXIS 1, at *3-4 (Tenn. Workers' Comp. App. Bd. Jan. 24, 2020); *Goodwin v. Morristown Driver's Services, Inc.*, No. 2017-03-1235, 2019 TN Wrk. Comp. App. Bd. LEXIS 37, at *6-7 (Tenn. Workers' Comp. App. Bd. July 31, 2019); *McLaurin v. AT&T Services, LLC*, No. 2017-03-1133, 2019 TN Wrk. Comp. App. Bd. LEXIS 6, at *4-5 (Tenn. Workers' Comp. App. Bd. Jan. 31, 2019); *Bullard v. Facilities Performance Grp.*, No. 2017-08-1053, 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at *5 (Tenn. Workers' Comp. App. Bd. Aug. 7, 2018); *Ledford v. Mid-Georgia Courier, Inc.*, No. 2017-01-0740, 2018 TN Wrk. Comp. App. Bd. LEXIS 28, at *4 (Tenn. Workers' Comp. App. Bd. June 4, 2018); *Duignan v. Stowers Machinery Corp.*, No. 2017-03-0080, 2018 TN Wrk. Comp. App. Bd. LEXIS 25, at *8-9 (Tenn. Workers' Comp. App. Bd. May 29, 2018); *Ogden v. McMinnville Tool & Die*, No. 2016-05-1093, 2018 TN Wrk. Comp. App. Bd. LEXIS 14, at *9-10 (Tenn. Workers' Comp. App. Bd. May 7, 2018); *Edwards v. Fred's Pharmacy*, No. 2017-06-0526, 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at *5-6 (Tenn. Workers' Comp. App. Bd. Feb. 14, 2018); *Bowlin v. Servall, LLC*, No. 2017-07-0224, 2018 TN Wrk. Comp. App. Bd. LEXIS 6, at *6-7 (Tenn. Workers' Comp. App. Bd. Feb. 8, 2018); *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *12-13 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018); *Baker v. Electrolux*, No. 2017-06-0070, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *5-6 (Tenn. Workers' Comp. App. Bd. Oct. 20, 2017); *Butler v. AAA Cooper Transp.*, No. 2016-07-0459, 2017 TN Wrk. Comp. App. Bd. LEXIS 54, at *5-6 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017).

The regulations governing filings in the Appeals Board provide that a transcript must be filed within 10 business days of the filing of a notice of appeal. In this case, the notice of appeal was filed on July 9, 2021, making the transcript due on July 23. No transcript was filed by that date, and on July 28, Employee filed a motion for an extension of time, asking that he be given until August 6, 2021 to file the transcript. However, the motion itself was untimely, as "[a]ny motion seeking to extend any time limit during the pendency of an appeal must be filed prior to the expiration of the applicable time limit." Tenn. Comp. R. & Regs. 0800-02-22-.04(1) (2020). The motion was not filed until five calendar days after the time to file the transcript had expired.[3]

Moreover, our authority to grant an extension of time is governed by statute. "In the appeal of an interlocutory order, with the exception of the filing of the notice of appeal, when an act is required to be performed within a specified time, the workers' compensation appeals board may extend the specified time only in exceptional circumstances not to exceed five (5) additional business days . . . ." Tenn. Code Ann. § 50-6-217(d)(1) (2020). Thus, had the motion been timely filed, our authority would only have permitted us to extend the deadline to file a transcript until July 30, 2021, well short of the extension requested by Employee. The transcript was ultimately filed on August 4, eight business days after the expiration of the filing deadline. Accordingly, we have not considered the transcript in reaching our decision.

Further, Employee's brief was also untimely. Because a transcript was due on July 23, Employee's brief was due on August 6, or 10 business days after the expiration of the time to file the transcript. *See* Tenn. Comp. R. & Regs. 0800-02-.05(2). Employee's brief was filed on August 17, which was seven business days after it was due. Other than the untimely motion for an extension of time filed relative to the transcript, no other motion for an extension of time was filed, and no motion to accept a late filed transcript or brief was filed. Accordingly, we decline to consider Employee's brief in reaching our decision.[4]

*Weight of the Medical Evidence*

Turning to the issue raised in Employee's notice of appeal, we conclude the trial court did not err in concluding that Dr. Waldrop's causation opinion was not entitled to the

---

[3] Additionally, the Appeals Board did not receive Employee's motion, as Employee filed the motion with the Court of Workers' Compensation Claims. The Appeals Board was not made aware of any pending motions until after Employee filed a transcript on August 4. However, this does not alter the outcome, as even if the motion had been correctly filed with the Appeals Board, it was, nonetheless, untimely.

[4] Employee filed additional medical records from Dr. Waldrop with the trial court on August 4, 2021. It is unclear whether Employee intended this filing to be included in the record on appeal for our consideration. However, we will not consider on appeal any documents or other evidence not presented to and considered by the trial court. *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

statutory presumption of correctness. The parties did not dispute that Employer failed to provide a panel of physicians and that, instead, Employee was given a choice of selecting a medical provider from two different facilities. Accordingly, there is no statutory presumption of correctness accorded to Dr. Waldrop's causation opinion. *See* Tenn. Code Ann. § 50-6-102(14)(E) (2020).

Moreover, for an employee to be entitled to relief at an expedited hearing, he or she must come forward with sufficient proof from which the trial court can conclude the employee is likely to prevail at trial in showing that the injury arose primarily out of and in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14). An injury arises primarily out of and in the course and scope of the employment "only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). "An injury causes . . . the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C).

Here, while Dr. Waldrop indicated that the need for the total knee replacement was "related" to the work injury, he did not state that the work injury *primarily* caused the need for the knee replacement or words to that effect. He indicated in his responses to Employee's questionnaire that the injuries for which he was treating Employee arose out of the employment, but he did not state that the injures arose *primarily* out of the employment or otherwise indicate that the need for the knee replacement arose primarily out of the employment. Although at one time "related to" and "arising out of" may have been sufficient terms to establish causation, they no longer are. *See Willis v. All Staff*, No. 2014-05-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *24-26 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015).

As noted by the trial court, in addition to Dr. Waldrop's legally insufficient causation opinion, Dr. Hovis's deposition testimony "was clear, while the Court had to piece together Dr. Waldrop's opinion." Dr. Hovis provided a detailed opinion setting out the reasons he did not believe Employee's need for a knee replacement arose primarily out of his work-related injury. Thus, irrespective whether Dr. Waldrop's opinion was entitled to a presumption of correctness, we conclude the preponderance of the evidence at this stage of the case supports the trial court's determination that Dr. Hovis's medical causation opinion is entitled to greater weight than Dr. Waldrop's opinion.

## Conclusion

For the foregoing reasons, we affirm the trial court's expedited hearing order denying the requested left total knee replacement. The case is remanded to the trial court, and costs on appeal are taxed to Employee.

7



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Salvador Enriquez ) | Docket No. 2020-02-0318 |
| ) | |
| v. ) | State File No. 101315-2019 |
| ) | |
| Defender Services, Inc., et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Brian K. Addington, Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of September, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Dan Bieger<br>Paige Cook | | | | X | dan@biegerlaw.com<br>paige@biegerlaw.com |
| J. Brent Moore<br>Celeste Caruso | | | | X | bmoore@ortalekelley.com<br>ccaruso@ortalekelley.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov